# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; | ) | |
| INTERIOR MUSIC CORP.; | ) | |
| AMAZMENT MUSIC; | ) | |
| WARNER-TAMERLANE PUBLISHING | ) | |
| CORP.; HIP CITY MUSIC INC.; | ) | |
| HIFROST PUBLISHING; | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO.: 15-cv-5787 |
| | ) | |
| v. | ) | |
| | ) | |
| SMOODIE, INC. d/b/a DISH ON | ) | |
| HAYNE; CHARLES A. BELL, JR. | ) | |
| and CHARLES A. BELL, III, | ) | |
| each individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendant[s], allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

<u>THE PARTIES</u>

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff Interior Music Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff Amazement Music is a sole proprietorship owned by Frankie Beverly.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.      Plaintiff Hip City Music Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.      Plaintiff Hifrost Publishing is a partnership owned by Hiriam Hicks and Elliot Straite.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.      Defendant Smoodie, Inc. is a corporation organized and existing under the laws of the State of Louisiana, which operates, maintains and controls an establishment known as Dish on

Hayne, located at 9734 Hayne Boulevard, New Orleans, LA 70127-1202, in this district (the "Establishment").

11.     In connection with the operation of the Establishment, Defendant Smoodie, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12.     Defendant Smoodie, Inc. has a direct financial interest in the Establishment.

13.     Defendant Charles A. Bell, Jr. is the President of Defendant Smoodie, Inc. with responsibility for the operation and management of that corporation and the Establishment.

14.     Defendant Charles A. Bell, Jr. has the right and ability to supervise the activities of Defendant Smoodie, Inc. and a direct financial interest in that corporation and the Establishment.

15.     Defendant Charles A. Bell, III is an Executive Vice President of Defendant Smoodie, Inc. with responsibility for the operation and management of that corporation and the Establishment.

16.     Defendant Charles A. Bell, III has the right and ability to supervise the activities of Defendant Smoodie, Inc. and a direct financial interest in that corporation and the Establishment.


CLAIMS OF COPYRIGHT INFRINGEMENT

17.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

18.     Since April 2013, BMI has reached out to Defendants over sixty times by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical

compositions in the BMI repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

19.     Plaintiffs allege four (4) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the five (5) claims of copyright infringement at issue in this action.   Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22.     For each work identified on the Schedule, on or about the date(s) indicated on Line

5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

25.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)    Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the

copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to

17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.


Dated: November 10, 2015



Respectfully submitted,

/s/Mark A. Balkin
Mark A. Balkin (LA Bar #24952)
Joseph C. Chautin, III (LA Bar #24995)
**Hardy, Carey, Chautin & Balkin, LLP**
1080 West Causeway Approach
Mandeville, LA 70471
Tel      (985) 629-0777
Fax      (985) 629-0778
mbalkin@hardycarey.com

*Attorneys for Plaintiffs*


4838-1053-2906, v. 1

# *Schedule*

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | Ain't No Sunshine |
| Line 3 | Writer(s) | Bill Withers |
| Line 4 | Publisher Plaintiff(s) | Interior Music Corp. |
| Line 5 | Date(s) of Registration | 3/30/71     11/18/77 |
| Line 6 | Registration No(s). | Eu 243844    Ep 376752 |
| Line 7 | Date(s) of Infringement | 7/5/2014 |
| Line 8 | Place of Infringement | Dish on Hayne |

---

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | Before I Let Go |
| Line 3 | Writer(s) | Frankie Beverly |
| Line 4 | Publisher Plaintiff(s) | Frankie Beverly, an individual d/b/a Amazement Music |
| Line 5 | Date(s) of Registration | 6/19/81 |
| Line 6 | Registration No(s). | PA 106-672 |
| Line 7 | Date(s) of Infringement | 7/5/2014 |
| Line 8 | Place of Infringement | Dish on Hayne |

---

| | | | | |
|---|---|---|---|---|
| Line 1 | Claim No. | 3 | | |
| Line 2 | Musical Composition | Break Up To Make Up | | |
| Line 3 | Writer(s) | Linda Creed; Thomas Bell; Kenny Gamble | | |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp. | | |
| Line 5 | Date(s) of Registration | 3/19/73 | 6/19/73 | |
| Line 6 | Registration No(s). | Ep 309682 | Ep 312437 | |
| Line 7 | Date(s) of Infringement | 7/5/2014 | | |
| Line 8 | Place of Infringement | Dish on Hayne | | |

| | | | | |
|---|---|---|---|---|
| Line 1 | Claim No. | 4 | | |
| Line 2 | Musical Composition | Don't Stop | | |
| Line 3 | Writer(s) | Tom Curtis Shapiro p/k/a Tom Shapiro; Charles Victor Raines p/k/a Chick Raines | | |
| Line 4 | Publisher Plaintiff(s) | Hamstein Cumberland Music, Inc. and James Stroud, a partnership d/b/a Hamstein Cumberland Music; Michael Charles Curb d/b/a Mike Curb Music; Charles E. Howard, Jr. d/b/a Diamond Struck Music; Sony/ATV Songs LLC | | |
| Line 5 | Date(s) of Registration | 9/20/96 | | |
| Line 6 | Registration No(s). | PA 812-949 | | |
| Line 7 | Date(s) of Infringement | 7/5/2014 | | |
| Line 8 | Place of Infringement | Dish on Hayne | | |

| | | | | |
|---|---|---|---|---|
| Line 1 | Claim No. | 5 | | |
| Line 2 | Musical Composition | Poison | | |
| Line 3 | Writer(s) | Elliot T. Straite | | |
| Line 4 | Publisher Plaintiff(s) | Hip City Music Inc.; Hiriam Hicks and Elliot Straite, a partnership d/b/a Hifrost Publishing | | |
| Line 5 | Date(s) of Registration | 8/14/89 | 3/19/90 | 6/7/90 |
| Line 6 | Registration No(s). | PAu 1-264-846 | PAu 1-410-225 | PA 475-115 |
| Line 7 | Date(s) of Infringement | 7/5/2015 | | |
| Line 8 | Place of Infringement | Dish on Hayne | | |